Deborah WENNING and Andres Correa, Plaintiffs,

v.

ON–SITE MANAGER, INC., Defendant.

No. 14 Civ. 9693 (PAE).

United States District Court, S.D. New York.

Signed Oct. 22, 2015.

James B. Fishman, Susan Karolena Crumiller, Fishman & Mallon, LLP, New York, NY, for Plaintiffs.

Brett A. Scher, Kaufman Dolowich & Voluck LLP, Woodbury, NY, Adam Matthew Marshall Cullen and Dykman, LLP, Garden City, NY, Michael J. Saltz, Jacobson, Russell, Saltz, Nassim & De La Torre, LLP, Los Angeles, CA, for Defendant.

### ORDER

PAUL A. ENGELMAYER, District Judge.

This order resolves a discovery dispute that arose on the last day of fact discovery in this case. Plaintiffs seek to discover redacted pricing information from a contract between defendant On–Site Manager, Inc. ("On–Site") and third party LexisNexis Risk Data Retrieval Services LLC ("LexisNexis"), which provided data elements that On–Site used to prepare the consumer reports at issue in this case. After hearing from the parties and from LexisNexis during a mid-deposition telephone conference on September 29, 2015, the Court sustained On–Site's (and Lexis-

Nexis's) objection for the time being and ordered briefing. Dkt. 43.

For the reasons below, the Court sustains the objection and holds that the redacted pricing information may not be discovered. However, the Court notes, plaintiffs are at liberty to seek to establish, by means of information about On–Site's overall cost structure and profit margins, much the same point they sought to establish by eliciting LexisNexis' pricing—that OnSite had the financial latitude to more rigorously fact-check the consumer reports that they disseminated with respect to plaintiffs.

According to plaintiffs, the relevance of the LexisNexis pricing information is that the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681e(b),[1] requires credit reporters like OnSite to use "reasonable procedures" to ensure "maximum possible accuracy" and that courts, in assessing reasonableness, have balanced the danger of inaccurate or misleading information against the burden of maintaining more accurate or complete records. Pl. Letter at 4 (citing, *inter alia, Koropoulos . v. Credit Bureau, Inc.,* 734 F.2d 37 (D.C.Cir. 1984)). Assessing the burden side of the balancing test, plaintiffs argue, requires knowing the cost of LexisNexis's data to On–Site.

On–Site argues that cost considerations are not relevant to § 1681e(b) claims, like plaintiff's, that challenge the reasonableness of the procedures followed to assure "maximum possible accuracy." *See* Def. Letter at 3–4. Defendant also argues that what LexisNexis charges for access to its data—whether "$10 million, $10,000 or 10 cents"—has no relevance to the cost or burden of the *additional* investigation that plaintiffs argue is required by the FCRA. *Id.* at 2.

Finally, LexisNexis submits that the pricing information is proprietary and confidential, that four of the five pricing items are not even plausibly relevant to this case, and that, if the Court grants any part of plaintiffs' request, LexisNexis should be allowed to provide a pricing range rather than the exact terms. LexisNexis Letter at 1.

The Court holds that the overall costs incurred and revenues received by a credit reporter like On–Site, and the consequent profitability of such a company's relevant operations, may well be relevant to § 1681e(b) claims insofar as a benefit/burden balancing may be required as part of the inquiry into "reasonable procedures." *See Koropoulos,* 734 F.2d at 42 ("[T]he court, in determining whether a violation of 1681e(b) has occurred, would weigh the potential that the information will create a misleading impression against the availability of more accurate [or complete] information and the burden of providing such information.") (quoting *Alexander v. Moore & Associates, Inc.,* 553 F.Supp. 948, 952 (D.Haw.1982)) (internal quotation marks omitted); *see also Houston v. TRW Info. Servs., Inc.,* 707 F.Supp. 689, 693 (S.D.N.Y.1989) ("Evaluating the reasonableness of an agency's procedures involves balancing the potential harm from inaccuracy against the burden on the agency of safeguarding against such inaccuracy."). However, the Court agrees with On–Site that the single data point at issue—the price charged by LexisNexis to obtain the allegedly incomplete consumer reports that plaintiffs challenge—is barely if at all probative. And any trifling probative value it conceivably might have as one data point among many relevant to assessing the reasonableness of On–Site's overall business model is outweighed by, *inter alia,* the legitimate proprietary interests of

---

1. Plaintiffs also bring a claim under similar provisions of New York General Business Law §§ 380–j and 380–k. *See* Second Amended Complaint, Dkt. 37, ¶¶ 105–115.

LexisNexis in safeguarding its confidential pricing information.

What is potentially probative is the overall cost to On–Site of obtaining more accurate or complete records (or of verifying the records received) as measured against On–Site's overall profit margins. *That* inquiry would potentially bear on the reasonableness of On–Site's alleged practice of accepting and disseminating, unchecked, LexisNexis's reports.

Plaintiffs note that, in his deposition, the LexisNexis witness "conceded it would be 'expensive' [presumably for LexisNexis] to obtain additional types of information." Pl. Letter at 3. But the issue in this case is not the price charged by LexisNexis, which is a non-party. It is whether On–Site's procedures for obtaining information were or were not reasonable. Whether it was or was not reasonable for On–Site to accept and disseminate LexisNexis's reports without further inquiry would appear to turn on, *inter alia*, the expense and efficacy of that undertaking relative to On–Site's ability to pay, rather than the cost to gather the information that plaintiffs complain is unreasonably incomplete.

The Court is unaware of the extent to which plaintiffs, before fact discovery closed, pursued these issues and adduced evidence as to whether reasonable alternatives existed to the business model of On–Site's that they challenge. If so, plaintiffs will be at liberty, whether at summary judgment or trial, to seek to offer such evidence in an attempt to show that On–Site did not utilize reasonable procedures.

For these reasons, the Court sustains On–Site's and LexisNexis's objection. The prices charged by LexisNexis to On–Site need not be produced.

SO ORDERED.